WO                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-01465-001-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Pragedio Espinoza-Valdez, | |
| Defendant. | |

On December 9, 2015, pursuant to a plea agreement with the government, Defendant entered a plea of guilty to Count 1 of the Indictment against him, charging him with Conspiracy to Distribute Marijuana in violation of Title 21, United States Code §§ 841 (a)(1), 841(b)(1)(D) and 846. (Doc. 13.) In the plea agreement, Defendant admitted that he "agreed with others to serve as a scout for marijuana drug smugglers" from a mountaintop near Cucklebur, Arizona, where, equipped with a radio, he would "assist drug smugglers backpacking marijuana through the desert by communicating by radio with the smugglers to alert them to any US Border Patrol activity." (Doc. 13 at 6.) The United States Probation Office prepared a Presentence Investigation Report, to which Defendant objected on the basis that it assessed too great a quantity of marijuana to his involvement in the conspiracy. (Doc. 17.) The Court held an evidentiary hearing on March 30, 2016, to determine the appropriate amount of marijuana assessable against Defendant. (Doc. 30.) At the hearing, Defendant chose to testify, and testified inconsistently with the factual basis in his plea agreement. The Court rejected the plea

agreement and gave Defendant the opportunity to withdraw his guilty plea, which he did on April 6, 2016. (Doc. 43.)

Thereafter, Defendant filed a Motion to Exclude Rule 11 Statements. (Doc. 46.) The government filed a Response (Doc. 64), in which it agreed that Rule 410 of the Federal Rules of Evidence precluded its use of "Defendant's statements at his change-of-plea hearing that occurred on December 9, 2015." (Doc. 64 at 1.) The government further argued, however, that Defendant's testimony at the evidentiary hearing was not precluded by Rule 410 because it did not constitute statements made during a proceeding under Federal Rule of Criminal Procedure 11. (Doc. 64 at 1.)

On May 27, 2016, the Court held a hearing in this matter, at which Defendant and all counsel were present. At the hearing, the Court addressed several outstanding motions and granted Defendant's Motion to Exclude Rule 11 Statements. (Doc. 68.) But in consideration of the government's Response (Doc. 64), the Court also issued a tentative ruling that statements Defendant made under oath at an evidentiary were not "Rule 11 statements" that would be precluded because the evidentiary hearing did not appear to be a Rule 11 plea proceeding as contemplated by FRE 410. Defendant objected, and the Court ordered that he would have one week to file briefing on the issue.

Having reconsidered *sua sponte* its tentative ruling,[1] the Court concludes that the evidentiary hearing in this matter was, for purposes of FRE 410, a "proceeding [on a guilty plea] under Federal Rule of Criminal Procedure 11." The Court therefore will preclude from introduction at trial any statements Defendant made during the March 30, 2016 evidentiary hearing, finding those statements within the ambit of a Rule 11 proceeding for purposes of FRE 410.

FRE 410 renders inadmissible "against the defendant who made the plea or participated in the plea discussions," four categories of information, two of which are

---

[1] Yesterday, June 2, 2016, Defendant filed a brief on this issue as invited by the Court. (Doc. 70.) By that time, however, the Court already had reconsidered its tentative ruling and drafted this Order. The Court notes that Defendant's brief generally raises the issues that drive the Court's reversal of its prior tentative ruling.

relevant here: "a guilty plea that was later withdrawn"; and "a statement made during a proceeding [on such guilty plea] under Federal Rule of Criminal Procedure 11[]." Fed. R. Evid. 410(a)(1), (3). The government argues that an evidentiary hearing is not a proceeding on a guilty plea under FRCP 11. This argument is not frivolous. An evidentiary hearing is not a change of plea proceeding; nor is it a proceeding in which a guilty plea is withdrawn. For these reasons, there is substantial technical merit to the government's position.

But, as Defendant argued at the May 27 hearing, the evidentiary hearing at issue would not have occurred but for the guilty plea, now withdrawn. And if the purpose of Rule 410's exclusion of pleas, plea discussions and related statements is to avoid chilling plea negotiations, then allowing the introduction of statements from such evidentiary hearing defeats that purpose absent warning and waiver, which did not occur in this case.[2] The Court therefore finds that for purposes of FRCP 11, and FRE 410(a)(3), Defendant's statements at the evidentiary hearing in this matter were statements related to and during a plea proceeding and are therefore precluded from introduction.

**IT IS ORDERED** precluding introduction at trial of Defendant's testimony at the March 30, 2016 evidentiary hearing. Those statements are within the ambit of this Court's prior ruling (Doc. 68) granting Defendant's Motion to Preclude Rule 11 Statements (Doc. 46).

Dated this 3rd day of June, 2016.

Honorable John J. Tuchi
United States District Judge

---

[2] The Court would employ the same analysis were the government to seek introduction of Defendant's statements to the probation officer in preparation of his pre-sentence investigation report post-plea. Such statements would be precluded because, while not made during a change of plea hearing, they were made pursuant to such a hearing and would not have been made but for the occurrence of the hearing. They are therefore within the zone of preclusion of FRE 410. This reasoning holds equally to the statements Defendant made at the evidentiary hearing held subsequent to his now withdrawn guilty plea.